**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEBRA A. MOORE**                                                                                   **PLAINTIFF**

**V.**                                                                                   **NO. 4:14-CV-00162-DMB-JMV**

**HARTFORD CASUALTY INSURANCE
COMPANY; JOHN DOES 1-5, as Agents,
Servants and Employees of Hartford
Casualty Insurance Company**                                                       **DEFENDANTS**


<u>**ORDER DENYING REMAND**</u>

Before the Court is Plaintiff's motion to remand this case to the Circuit Court of Bolivar County, Mississippi.  Doc. #7.

On September 29, 2014, Plaintiff Debra Moore filed suit in state court against Hartford Casualty Insurance Company and John Does 1-5.  Hartford is an Indiana corporation with its principal place of business in Indiana,[1] and Moore is a "resident citizen" of Cleveland, Mississippi.  Doc. #3 at ¶¶ 5–6; Doc. #2 at ¶¶ 3–4.  The complaint alleges damages in excess of $1,000,000.  Doc. #2 at 14.  On its face, the state court complaint satisfies the jurisdictional requirements set forth in 28 U.S.C. § 1332(a).  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Moore has not offered any evidence refuting the jurisdictional allegations.  She argues only that, in the future, she could discover that the citizenship of the fictitious Doe defendants destroys diversity.  Moore's prophecy may well prove to be correct but this Court will not now decide the issue of jurisdiction based on that future possibility.  *See* 28 U.S.C. §§ 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section

---

[1] Defendant alleges that Hartford was incorporated in Indiana, while Plaintiff's state court complaint alleges Massachusetts.  *Compare* Doc. #3 at ¶ 6, *with* Doc. #2 at ¶ 4.  Diversity of citizenship exists either way.

1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").  Therefore, Plaintiff's motion to remand [7] is **DENIED**.

SO ORDERED, this 28th day of April, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**